## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 07-57-P-H** |
| | ) | |
| **JACOB GITHINJI THUO,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## MEMORANDUM OPINION ON SENTENCING ISSUE

A legal question has arisen in this case that is likely to recur.  Therefore, after considering the parties' arguments, I am issuing this opinion.

Here is the issue: When a statute imposes a mandatory minimum sentence, the government can remove the mandatory minimum by filing a motion under 18 U.S.C. § 3553(e). Does that motion then free the sentencing judge to consider all the sentencing factors listed in § 3553(a)? I conclude that the answer is no.

Section 3553(e) provides in relevant part:

> **Limited authority to impose a sentence below a statutory minimum.**—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

18 U.S.C. § 3553(e). Before the Supreme Court decided <u>United States v. Booker</u>, 543 U.S. 220 (2005), and its progeny, the First Circuit ruled that a sentencing judge faced with a § 3553(e) motion could consider only substantial

assistance related factors in determining the extent of the reduction, and could not impose a still lower sentence by taking into account other sentencing factors (for example, factors that might have supported an additional departure on different grounds). United States v. Ahlers, 305 F.3d 54 (1st Cir. 2002).

The defendant disagrees with Ahlers and urges me to reject it. Def.'s Sentencing Mem. at 2 (Docket No. 85).[1] Obviously I cannot, unless the Supreme Court has made a decision that vitiates the Ahlers holding, because Ahlers is a decision from a higher court that governs me.

Although the defendant did not explicitly make the argument, others have suggested that because Booker made the Guidelines advisory, once the government moves the court to go below the statutory minimum, the sentencing judge can take into account all the § 3553(a) factors in determining the resulting sentence. See, e.g., United States v. A.B., 529 F.3d 1275, 1281 (10th Cir. 2008) (argument made and rejected); United States v. Williams, 474 F.3d 1130, 1130-32 (8th Cir. 2007) (same). If that were so, then Ahlers would be vitiated.

But it is not so. Section 3553(e) is clear that the only authority to go below the statutory minimum is "so as to reflect a defendant's substantial assistance." 18 U.S.C. § 3553(e). No other criteria are mentioned. Cf. United

---

1 The defendant cites a recent First Circuit opinion, United States v. McKenzie, 539 F.3d 15 (1st Cir. 2008), to support his position. That case is inapt, however, because the McKenzie court, on appeal by the criminal defendant, did not address this issue. Id. at 16. Moreover, when I sentenced the defendant in McKenzie, I only considered factors related to substantial assistance, particularly with respect to any danger or risk of injury to the defendant or her family resulting from assistance. A defendant's vulnerability to threats is a permissible factor to consider when determining the extent of a departure based on substantial assistance. U.S.S.G. § 5K1.1(a)(4) & cmt. n.1.

States v. Poland, 553 F. Supp. 2d 199 (D. Me. 2008) (discussing the authority to reduce a sentence under a Rule 35(b) motion). This limitation on a judge's authority to reduce a sentence below the statutory floor implicates none of the jury trial related concerns that led to Booker, where the issue was *increasing* a sentence. Although the First Circuit has not ruled on this question since Booker, every Circuit that has ruled has reached the same conclusion. See A.B., 529 F.3d at 1285; United States v. Proctor, 279 F. App'x 402, 403-04 (7th Cir. 2008); United States v. Richardson, 521 F.3d 149, 159 (2d Cir. 2008); United States v. Mangaroo, 504 F.3d 1350, 1356 (11th Cir. 2007); Williams, 474 F.3d at (8th Cir. 2007); United States v. Desselle, 450 F.3d 179, 182 (5th Cir. 2006).

I conclude that Ahlers is still good law and will limit my departure to factors related to substantial assistance.

So Ordered.

Dated this 8th day of October, 2008

/s/ D. Brock Hornby
**D. Brock Hornby**
**United States District Judge**

3